IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY J. CATERBONE,  :  <br>     Plaintiff,             : <br>                                : <br> v.                                 : <br>                                : <br> PNC BANK,            : <br>     Defendant.      : | CIVIL ACTION NO. 22-CV-1574 |

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                                                  **AUGUST 16, 2022**

In an Order filed on July 12, 2022, Plaintiff Stanley J. Caterbone was directed to show cause why an injunction should not be entered barring him from filing pleadings in this Court that failed to comply with Federal Rules of Civil Procedure 11. Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Syville v. New York City of New York*, No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)). Because Caterbone has a long history of emailing unsigned pleadings to the Clerk of Court, he was required to show why he should not be enjoined from continuing that conduct. Caterbone failed to file a response to the Show Cause Order. This Memorandum explains why a pre-filing injunction will be imposed on Caterbone.

**I.  LITIGATION HISTORY**

Caterbone frequently litigates claims in this court. *See Caterbone v. Lancaster City Police Dep't*, No. 21-5683, 2022 WL 170642, at *1 (E.D. Pa. Jan. 19, 2022) (noting that between 2005 and the filing of that case, Caterbone had filed at least 26 civil cases and habeas

1

petitions *pro se* in this Court).  For reasons that are completely unclear, Caterbone has engaged in a course of conduct that can only be described as contumacious to the directives contained in Orders of this Court.  He has repeatedly submitted unsigned pleadings and pleadings that do not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  The Court's Order of June 23, 2022 in this case (ECF No. 15) again informed Caterbone that unsigned pleadings are not acceptable, and warned him that every pleading he submitted to the Court had to contain a handwritten signature to comply with Rule 11.  Rather than follow this simple directive, each of the submissions Caterbone emailed to the Clerk of Court thereafter failed to contain a handwritten signature.  (*See* ECF Nos. 16, 17, 20, 21.)  This is not the only case in which Caterbone has submitted unsigned pleadings or submitted pleadings with an unauthorized electronic signature.[1]

     Many of Caterbone's unsigned pleadings also have no relevance to the substance of the claims he attempts to present, and are divorced from reality.  For example in *Caterbone v. Lancaster City Police Dep't*, No. 21-5683, a case ostensibly about the conduct of Lancaster County officials, Caterbone submitted unsigned "Exhibits" concerning a family from India running a store and involved in government intelligence activities.  (*Id*., ECF No. 21.)  He also submitted unsigned papers to this Court concerning the extradition of Julian Assange, the invasion of Iraq, activities of the NSA and CIA, the use of antipsychotic medications, and information about Pennsylvania Senate candidate John Fetterman.  (*Id*., ECF No. 20.)  He submitted an additional 136-page exhibit containing only an unauthorized e-signature about

---

[1] A cursory review of Caterbone's recent prior cases indicate the following documents were submitted without compliance with Rule 11:  *Caterbone v. Lancaster City Police Dep't*, No. 21-5683, ECF Nos. 3, 7, 10, 13; *Caterbone v. Lancaster Cty. Ct. of Common Pleas*, No. 20-1951, ECF Nos. 1, 7, 11, 12, 14, 16, 17, 18, 20-1, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 36; *Caterbone v. National Security Agency*, No. 18-4222, ECF No. 2.

Julian Assange.  (*Id.*, ECF No. 17.)  In *Caterbone v. Lancaster Cty. Ct. of Common Pleas*, No. 20-1951, a petition for a writ of *habeas corpus* that was dismissed without prejudice because Caterbone failed to pay the $5 filing fee, he a submitted an unsigned post-dismissal "Exhibit" totaling 9,120 pages of non-germane papers ranging from bank statements to a history of the internet to activities of the former Soviet Union.  (*Id.*, ECF No. 10.)  He submitted 15 other lengthy "Exhibits" thereafter in the closed case, none of which complied with Rule 11.  (*Id.*, ECF Nos. 20-32, 34, 36.)  While it might take Caterbone a single keystroke to email his documents to whomever he may choose, when he emails documents to a federal court his actions have serious financial, staffing, and resource allocation implications for the Court.  For these reasons, Caterbone was ordered to show cause why he should not be enjoined from filing any further papers that do not comply with Rule 11.

## II.     ANALYSIS

Rule 11 provides in relevant part:  "Every pleading, written motion, or other paper must be signed. . . ."  Federal Rules of Civil Procedure 11(a).  The signature of an attorney *or party* constitutes a certificate by the signer that

> to the best of the person's knowledge, information, and belief *formed after an inquiry reasonable under the circumstances*:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added).  A person who violates Rule 11 is subject to sanctions by the Court.  Fed. R. Civ. P. 11(c).  "Thus viewed, the meaning of the Rule seems plain:  A party

3

who signs a pleading or other paper without first conducting a reasonable inquiry shall be sanctioned." *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 541 (1991). Rule 11 is "aimed at curbing abuses of the judicial system." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990). "To this end, it sets up a means by which litigants certify to the court, by signature, that any papers filed are well founded." *Bus. Guides, Inc.*, 498 U.S. at 542. The Rule is specific: pleadings must be signed by an attorney "or by a party personally if the party is unrepresented." Fed. R. C. P. 11(a).

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The United States Court of Appeals for the Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 994 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

Caterbone has demonstrated a continuing pattern of abuse by emailing submissions to the Clerk of Court that do not contain a hand placed signature despite having been repeatedly informed of the requirements of Rule 11.  It is unclear why he continues to abuse the judicial process by engaging in this conduct.  In the Court's prior Order, Caterbone was provided notice that, unless he could show cause otherwise, an injunction would be entered preventing him from filing unsigned documents in this Court, other than a notice of appeal of the dismissal of this case.  The Court finds that the scope of this injunction is narrowly tailored to fit the particular circumstances of this case since it will not prevent Caterbone from filing pleadings that comply with Rule 11, and will not prohibit him from filing an appeal in this case.

Accordingly, an Order follows enjoining Stanley J. Caterbone from submitting documents to the Clerk of Court that fail to comply with Rule 11.  In other words, any document submitted by Caterbone by mail, email or otherwise that does not contain a hand placed signature will not be filed by the Clerk of Court.  Instead, the submission will be returned to Caterbone without being docketed.[2]

                                                **BY THE COURT:**

                                                <u>/s/ Jeffrey L. Schmehl</u>
                                                **JEFFREY L. SCHMEHL, J.**

---

[2] Should Caterbone continue to file documents that, while in compliance with Rule 11's signature requirement, contain material presented for an improper purpose, such as material that is frivolous or malicious or material that is not germane to a pending claim, the Court will contemplate taking further action to enjoin such conduct under the All Writs Act, or impose sanctions pursuant to Rule 11.